UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

FEB 0 8 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-CR-05-365S |
| | § | |
| LAWRENCE RANDALL BENHAM | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, through Chuck Rosenberg, United States Attorney for the Southern District of Texas and Cynthia DeGabrielle, Assistant United States Attorney, and Defendant LAWRENCE RANDALL BENHAM, and Defendant's counsel, Charles Flood, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.     Defendant agrees to plead guilty to Counts 1 and 7 of the Indictment. Count 1 charges Defendant with wire fraud, in violation of Title 18, United States Code, Section 1343. Count 7 charges Defendant with mail fraud, in violation of Title 18, United States Code, Section 1341. By entering this plea, Defendant agrees that he/she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.       The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1343 wire fraud is imprisonment for not more than 20 years and a fine of not more than $250,000; if the violation affects a financial institution, the penalty is imprisonment for not more than 30 years and a fine of not more than $1,000,000. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1341 mail fraud is imprisonment for not more than 20 years and a fine of not more than $250,000; if the violation affects a financial institution, the penalty is imprisonment for not more than 30 years and a fine of not more than $1,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

## Mandatory Special Assessment

3.       Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

2

**Fine and Reimbursement**

4.      Defendant understands that under the Sentencing Guidelines , the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the United States for the costs of any imprisonment or term of supervised release;  if any is ordered.

5.      Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and that Defendant will not attempt to avoid or delay payment.

6.      Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he/she is requested to do so.   In the event that the Court imposes a fine or orders the payment of restitution as part of Defendant's sentence, Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.  Further, Defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

**Cooperation**

7.      Defendant understands  and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to mortgage fraud, bank fraud, wire fraud, mail fraud, money laundering or other economic crimes. Defendant understands that such information includes both state and federal offenses arising therefrom.  In that regard:

   (a)      Defendant agrees that this plea agreement binds only the United States Attorney for the  Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

   (b)      Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.

3

Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by Defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation.

(f)    Should the sentence imposed not meet Defendant's expectations, Defendant understands he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

### Waiver of Appeal

8.    Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined **on any grounds set forth in Title 18 United States Code, Section 3742.** Additionally, Defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, United States Code, Section 2255.**

9.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United

4

States or the Probation Office, is a prediction, not a promise, **did not induce his/her guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.     Defendant understands and agrees that each and all waivers contained in the agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

11.     The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Counts 1 and 7 of the indictment and persists in that plea through sentencing, and if the Court accepts this agreement, the United States will move to dismiss any remaining counts of the indictment at sentencing;

(b)     At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(c)     If Defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), upon motion of the government stating that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, the United States agrees not to oppose Defendant's request for an additional one level departure under Section 3E1.1(b);

5

(d)     If Defendant complies fully with all the terms of this plea agreement, specifically including successful efforts to earn a substantial assistance departure, the United States agrees not to oppose Defendant's anticipated request for a sentence at the low end of the guideline range;

(e)     The United States agrees that based on the facts known at this time Defendant does not qualify for either an aggravating or mitigating role adjustment pursuant to the United States Sentencing Guidelines;

(f)     The United States agrees that based on the facts known at this time the amount of gain attributable to Defendant, as defined by the United States Sentencing Guidelines, is between one and one-half to two million dollars ($1,500,000 - $2,000,000) ;

(g)     The United States agrees that based on the facts known at this time the number of victims, as defined by the United States Sentencing Guidelines, is fewer than 50.

### United States' Non-Waiver of Appeal

12.     The United States reserves the right to carry out its responsibilities under guidelines sentencing.  Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence investigation report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed, or the manner in which it was determined.

### Sentence Determination

13.     Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14.     Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant  persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

7

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

15.     Defendant is pleading guilty because he/she is guilty of the charges contained in

Counts 1 and 7 of the indictment. If this case were to proceed to trial, the United States could prove

each element of the offense beyond a reasonable doubt. The following facts, among others would

be offered to establish Defendant's guilt:

> That Defendant is the person named in the criminal indictment; that the events occurred in Houston, Harris County, Texas; that all government evidence, Defendant's statements, and witness statements were lawfully obtained or seized and are relevant and would be admissible without objection if the case were to go to trial; that from February 2002 until September 2005, Defendant bought and sold residential real property for profit. On or about July 7, 2003, Defendant caused a federally insured financial institution to wire transfer funds in the amount of $325,151.40 for Defendant's use, as a result of a fraudulent loan application submitted by Defendant in the name of Nolan Williamson, without Williamson's permission; that Defendant used the $325,151.40 for his own benefit, knowing that he was not legally entitled to so; that on or about October 3, 2003, Defendant caused a fraudulent loan application to be sent by commercial courier to a lender, for the purpose of causing the lender to extend credit for Defendant's use, by submitting a loan application in the name of Nolan Williamson, without Williamson's permission; that the amount of gain attributable to Defendant himself is between $1,500,000 and $2,000,000; that with the proceeds of the fraud, Benham purchased or leased assets for himself and his business, including a Land Rover, furnishings, and luxury items like plasma televisions.

## Breach of Plea Agreement

16.     If Defendant should fail in any way to fulfill completely all of the obligations under

this plea agreement, the United States will be released from its obligations under the plea agreement,

8

and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then it may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Forfeiture**

17.     This plea agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees to forfeit whatever interest he/she may have in assets related to mortgage fraud, bank fraud, mail fraud, wire fraud, money laundering or other economic crimes, including those assets listed in the indictment.

18.     Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of Defendant's assets to deliver all funds and records of such assets to the United States.

**Complete Agreement**

19.     This written plea agreement, consisting of 12 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United

9

States, Defendant and his/her counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

20.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on _____Feb 7th_____, 2006.


_____
Lawrence Randall Benham, Defendant

Subscribed and sworn to before me on ____Feb 7th____, 2006.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK


By: _____
Deputy United States District Clerk


APPROVED:

CHUCK ROSENBERG                          FOR DEFENDANT
United States Attorney


By: _____      _____
Cynthia DeGabrielle                        Charles Flood
Assistant United States Attorney          Attorney for Defendant
Southern District of Texas                Chris Flood
Telephone: 713 567 9308
Facsimile: 713 718 3304

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-CR-O5-365S |
| | § | |
| LAWRENCE RANDALL BENHAM | § | |
| Defendant. | § | |

**PLEA AGREEMENT - ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

Defendant's Attorney
Charles Flood

*Chris Flood*

2/07/06
Date

11

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.  My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.


_____       _____
Defendant                              Date
LAWRENCE RANDALL BENHAM